## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY VELLA** | : | **Civil No. 1:17-CV-1900** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INSURANCE** | : | |
| **COMPANY** | : | |
| | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

In this civil action, Plaintiff asserts claims pursuant to his insurance policy with Defendant for underinsured motorist coverage and bad faith resulting from an accident with a third-party tortfeasor, Carol Hopkins. Before the court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion will be granted in part and denied in part.

## I.   Background

### A.   Facts

According to the complaint, on September 6, 2015, Plaintiff Anthony Vella was operating his 2015 Chevrolet Tahoe in the eastbound direction on Ocean Road, Lower Township, New Jersey, at the same time Carol Hopkins ("Ms. Hopkins") was driving a 2013 Hyundai Santa Fe in the westbound direction. (*Id.* ¶¶ 9-11.) Ms. Hopkins left her lane of travel in an attempt to make an illegal U-turn

into oncoming traffic. (*Id.* ¶ 12.) Unable to avoid a collision, Plaintiff struck the passenger side of Ms. Hopkins vehicle and subsequently traveled across the westbound land and off the roadway. (*Id.* ¶ 13.) Plaintiff alleges that he sustained significant injuries as a result of the accident. (*Id.* ¶ 14.)

Both Plaintiff and Ms. Hopkins were insured by Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") at the time of the accident. (*Id.* ¶ 21.) In September 2015, Plaintiff provided notice to State Farm regarding claims for liability under Ms. Hopkins' policy and underinsured motorist coverage ("UIM") pursuant to his personal policy. (*Id.* ¶ 23.) Subsequently, Plaintiff began receiving communications regarding his first and third-party claims from State Farm representative, Andrea Shaver ("Ms. Shaver"). (*Id.* ¶ 24.) In May 2017, Plaintiff provided State Farm with a demand seeking liability limits for the third-party claim, as well as for the first-party UIM claim. (*Id.* ¶¶ 28-29.) Ms. Shaver again responded to Plaintiff's demands, denying both, and providing no counteroffer. (*Id.* ¶30.) Plaintiff thereafter communicated additional demands to which State Farm offered an amount under the policy limits for the third-party liability claim, but at no time made an offer for the first-party UIM claim. (*Id.* ¶¶ 34, 37-40.) In sum, Plaintiff's allegations stem from State Farm's handling, through Ms. Shaver, of Plaintiff's third-party liability claim

against Ms. Hopkins while simultaneously managing Plaintiff's first-party UIM claim. (*See id.* ¶¶ 28-41.)

### B. <u>Procedural History</u>

Plaintiff initiated this lawsuit by filing a complaint on October 17, 2017. (Doc. 1.) On January 16, 2018, Defendant filed the instant motion to dismiss (Doc. 4) and corresponding brief arguing that certain paragraphs of Plaintiff's complaint should be stricken because "they are contrary to well-settled Pennsylvania law that a third-party claimant cannot maintain a direct action against an alleged torfeasor's liability insurer" (Doc. 5, p. 3). Plaintiff responded to Defendant's motion on January 30, 2018. (Docs. 6-7.)

## II. <u>Legal Standard</u>

Defendants have moved to dismiss certain paragraphs of the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

Thus, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *United States v. Pennsylvania*, 110 F. Supp. 3d 544, 548 (M.D. Pa. 2015) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)); *see also* Fed. R. Civ. P. 12(b)(6).

### III.    Discussion

In its motion to dismiss, Defendant argues that Plaintiff's complaint attempts to assert a claim for bad faith arising out of State Farm's handling of Plaintiff's third-party liability claim against Ms. Hopkins, who is separately insured by State Farm, which is contrary to Pennsylvania law. (Doc. 5, pp. 4-6.) Defendant requests that specific paragraphs in the complaint as well as a portion of Plaintiff's demand be stricken.[1] (*Id.* at 6.) In opposing the motion, Plaintiff contends that through Defendant's own efforts, the third-party and first-party liability claims were intermingled causing a significant conflict of interest, and thereby exhibiting bad faith. (Doc. 7.)

In Pennsylvania, it is well-settled law that a third-party claimant cannot bring a cause of action for bad faith against an alleged tortfeasor's liability insurer. *Strutz v. State Farm Mutual Ins. Co.*, 609 A.2d 569, 570-71 (Pa. Super. Ct. 1992);

---

[1] Those specific paragraphs are: 21-23, 26-28, 30, 31, 33, 34, 37-39, 41, 53, 57, and 58. Defendant also requests Plaintiff's demand in "Claim II" for "third party liability benefits" be stricken. (Doc. 5, p. 6.)

*Brown v. Candelora*, 708 A.2d 104, 108 (Pa. Super. Ct. 1998). The duty to act in good faith "arises from the insurance policy and is owed to the insured, not to a third-party claimant." *Strutz*, 609 A.2d at 571; *see also Seasor v. Liberty Mut. Ins.Co.*, 941 F. Supp. 488, 491 (1996) (following *Strutz* and holding that "[i]t would require a great stretch of judicial imagination to conclude that Plaintiffs who brought a negligence action against Bessie Covington, the 'insured' under the Policy, should also be considered 'insureds' under the liability coverage section of the policy"); *Leboon v. Zurich Am. Ins. Co.*, 2016 WL 156011, *3 (E.D. Pa. Apr. 18, 2016), *aff'd*, 673 F. App'x 173 (3d Cir. 2016) ("[Plaintiff] was a 'stranger to the relationship between the insured and the insurer' and Zurich owed no duties to him to settle.").

Here, Plaintiff has sufficiently pled claims against State Farm under his own policy demanding UIM coverage and claiming bad faith. Throughout the factual background of the complaint, Plaintiff discusses the interplay between the first-party and third-party coverage, such as State Farm assigning the same adjuster to work on both claims. (*See* Doc. 1, ¶¶ 5-41.) As this sets the scene for Plaintiff's first-party claims, the court will not strike paragraphs 21-23, 26-28, 30, 31, 33, 34, 37-39, and 41 of Plaintiff's complaint. However, in "Claim II" of the complaint, Plaintiff goes a step too far and attempts to assert a bad faith claim against State Farm for its actions regarding Plaintiff's third-party claim against Ms. Hopkins.

Because Pennsylvania law is clear on this issue – i.e. that Plaintiff, as a third-party claimant, cannot bring a cause of action against State Farm as Ms. Hopkins' liability insurer – the court must strike paragraphs 53, 57, 58, and "as well as third party liability benefits" in Plaintiff's prayer for relief.

## IV.  Conclusion

For the reasons stated herein, the court finds that Plaintiff cannot assert a bad faith claim against Defendant for its actions relating to Plaintiff's third-party claim and, therefore, strikes paragraphs 53, 57, 58, and "as well as third party liability benefits" in Plaintiff's prayer for relief from the complaint.

An appropriate order will issue.

s/Sylvia Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 23, 2018